NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN SANCHEZ, <br><br> Plaintiff, <br><br> v. <br><br> SGT. L. HASKINS, et al., <br><br> Defendants. | Civil Action No. 14-3240 (CCC) <br><br> **MEMORANDUM OPINION** |

**CECCHI, District Judge.**

This matter comes before the Court on a civil rights Complaint filed by *pro se* Plaintiff John Sanchez pursuant to 42 U.S.C. § 1983. (ECF No. 1). Presently before the Court are two motions to dismiss filed by four of the five named defendants ("Defendants").[1] (ECF Nos. 14, 15). For the reasons stated below, the Complaint is dismissed for failure to state a claim upon which relief may be granted.

The Complaint raises claims against Defendants regarding an incident during which Plaintiff was subjected to excessive force. Plaintiff alleges that Defendants either used excessive force against him or failed to protect him from the use of excessive force. Defendants move for dismissal, among other issues, on the ground that Plaintiff failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e. The Court agrees.

Federal law requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

---

[1] A fifth defendant, Sgt. L. Haskins, was never properly served.

42 U.S.C. § 1997e(a). In order to exhaust administrative remedies, a prisoner must properly pursue all administrative remedies to their end. *See Spruill v. Gillis*, 372 F.3d 218, 226-27 (3d Cir. 2004). To determine whether a prisoner has exhausted administrative remedies, the Court must evaluate a prisoner's compliance with the prison administrative regulations governing inmate grievances. *See id.* A prisoner must bring a grievance to the attention of the appropriate prison official so that the facility has an opportunity to respond to the grievance. *See id.* at 227. "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by [federal law], but by the prison grievance process itself." *Small v. Camden Cty.*, 728 F.3d 265, 272 (3d. Cir. 2013) (quoting *Jones v. Bock*, 549 U.S. 199, 218 (2007)). Excessive force claims are prison conditions claims for the purposes of § 1997e. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[W]e hold that the . . . exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.").

Here, in the Complaint, Plaintiff specifically admits that he has not sought the appropriate administrative remedies, because "I get placed in lock up, on fabricated D.O.C. reports." (ECF No. 1 at 7). Defendants construe this explanation as stating that Plaintiff did not seek administrative remedies for fear of being placed in administrative segregation, (ECF No. 14-1 at 14), but the Court construes this explanation as stating that he did not seek administrative remedies because he *was* in administrative segregation. Regardless of how the explanation is construed, however, it is apparent from the face of the Complaint that Plaintiff failed to exhaust administrative remedies, and did not provide good cause to excuse the failure—Plaintiff does not explain why being placed in administrative segregation would prevent him from seeking administrative

2

remedies. As such, the Complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted. *See Ryder v. Bartholomew*, No. 15-1851, 2017 WL 5171233, at *2 n.4 (3d Cir. Nov. 8, 2017) (holding that a dismissal under Rule 12(b)(6) is appropriate when an inmate's failure to exhaust is apparent from the face of the complaint) (citing *Ball v. Famiglio*, 726 F.3d 448, 458 (3d Cir. 2013)). In the interests of justice, within 30 days of the date of the accompanying Order, Plaintiff may move to amend the Complaint to show that he has properly exhausted administrative remedies, or has good cause to excuse the failure.

Date: February 28, 2018

Claire C. Cecchi, U.S.D.J.